# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| MELISSA BREWER | § | |
| Appellant | § | Civil Action No.  4:17-CV-668 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| TEXANS CREDIT UNION | § | |
| Appellee | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Appellant Melissa Brewer's ("Debtor") appeal from the Bankruptcy Court's Order of Dismissal for Failure to State a Claim Upon Which Relief can be Granted (Dkt. #8) and Amended Emergency Motion for Leave to Supplement Briefing (Dkt. #15). After reviewing the relevant pleadings and motion, the Court finds Debtor's appeal and motion are moot.

## BACKGROUND

In December 2011, Debtor purchased her principal residence in McKinney, Texas.  From 2011 through 2016, Debtor incurred approximately $925,500 in debt.  Included in the total amount of debt is a home equity loan in the amount of $180,000 that Debtor obtained from Appellee Texans Credit Union ("Texans").  Debtor contends that $745,500 of the debt incurred is superior to Texans's lien.  In other words, Debtor claims that Texans's lien of $180,000 is second to all others.  Further, Debtor alleges that as of May 2016, the fair market value of the residence is between $525,000 and $553,000.

On May 3, 2016, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.  On October 13, 2016, the Bankruptcy Court entered an order converting the case from Chapter 13 to Chapter 11.  On May 18, 2017, Debtor commenced Adversary Proceeding

No. 17-04033 (the "Adversary Proceeding") against Texans. On July 5, 2017, Debtor filed her First Amended Complaint arguing that Texans's lien should be stripped off pursuant to 11 U.S.C. § 1123(b)(5). Specifically, Debtor contends that because Texans's lien is subject to $745,500 of superior liens, and the value of the residence is between $525,000 and $553,000, Texans's lien is wholly unsecured and should be stripped off—i.e. removed as a lien entirely. On July 19, 2017, Texans filed a motion to dismiss arguing that Debtor failed to state a claim upon which relief can be granted because 11 U.S.C. § 1123(b)(5) prohibits Debtor's requested relief. On September 5, 2017, the Bankruptcy Court conducted a hearing on Texans's motion. On September 11, 2018, the Bankruptcy Court, relying on *Bank of America, N.A. v. Caulkett*, 135 S. Ct. 1995 (2015), summarily granted Texans's motion and dismissed Debtor's adversary proceeding.

On September 25, 2017, Debtor filed her Notice of Appeal (Dkt. #1). On November 17, 2017, Debtor filed her opening brief (Dkt. #8). On December 4, 2017, Texans filed its response (Dkt. #12). On December 15, 2017, Debtor filed her reply (Dkt. #13). On April 18, 2018, Debtor filed an Amended Emergency Motion for Leave to Supplement Briefing (Dkt. #15). Texans did not file a response to Debtor's motion for leave.

On May 8, 2018, the Bankruptcy Court held a hearing on a Certificate and Notice of Default and Noncompliance filed by the United States Trustee. *In re Melissa Brewer*, No. 16-40841, Dkt. #171 (Bankr. E.D. Tex. May 9, 2018). Debtor was present at the hearing but did not testify. *Id.* at 1. After the hearing, the Bankruptcy Court concluded:

- This Case has been pending since 2016. No Plan has been confirmed;

- On March 29, 2018, this Court entered an "Order Granting, in Part, the United States Trustee's Motion to Dismiss" (the "Order"). The Order was entered at Docket #163. The Order set certain deadlines, which effectively gave Debtor a last chance to proceed towards reorganization in this Case;

- Debtor failed to timely pay the quarterly fees owed to the United States Trustee for the 1st quarter of 2018. The Order required that those fees be paid no later than April 30, 2018. Debtor failed to timely pay the fees. The failure to timely pay the fees is grounds for the United States Trustee to file a "Certification of Default" under the terms of the Order;

- Debtor failed to timely file a Plan and Disclosure Statement. Pursuant to the Order, the Plan and Disclosure Statement were to be filed no later than April 30, 2018. The Plan and Disclosure Statement were filed on May 1, 2018. The Court further finds that the Plan filed is not confirmable;

- Debtor is in default of the terms set out in the Order;

- As provided for in the Order, the United States Trustee has now filed an appropriate Certification of Default (Docket #169).

*Id.* at 1–2. Based on its findings, the Bankruptcy Court dismissed Debtor's case. *Id.* at 2.

## LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). "[A]s a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993). "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). An appeal is properly dismissed as moot when an appellate court lacks the power to provide an effective remedy for an appellant, even if the court were to find in the appellant's favor on the merits. *In re Watch Ltd.*, 295 F. App'x. 647, 650 (5th Cir. 2008) (citing *In re Sullivan Century Plaza, I, Ltd.*, 914 F.2d 731, 735 (5th Cir. 1990)); *see also Matter of Life Partners, Inc.*, 708 F. App'x. 831, 835 (5th Cir. 2017) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is

pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.").

## ANALYSIS

The issue before the Court is whether the Bankruptcy Court erred in dismissing Debtor's First Amended Complaint for failure to state a claim upon which relief can be granted. Specifically, whether Debtor pleaded a plausible claim under Chapter 11 of the Bankruptcy Code to "strip off" Texans's lien.

Debtor's appeal is moot because the Court lacks the power to provide an effective remedy for her. The Bankruptcy Court dismissed Debtor's bankruptcy proceeding. Accordingly, even if the Court found that Debtor pleaded a plausible claim under Chapter 11, Debtor could not proceed with the Adversary Proceeding and strip off Texans' lien, as her Chapter 11 case was dismissed. Therefore, regardless of the Court's ruling, the Court lacks the power to provide an effective remedy for Debtor. *In re Watch Ltd.*, 295 F. App'x. at 650 (citing *In re Sullivan Century Plaza, I, Ltd.*, 914 F.2d at 735); *Matter of Life Partners, Inc.*, 708 F. App'x. at 835 (quoting *Church of Scientology of Cal.*, 506 U.S. at 12). As a result, the Court dismisses Debtor's appeal and denies her motion as **MOOT** (Dkt. #15). *Id.*

**IT IS SO ORDERED.**

 **SIGNED this 19th day of September, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE